**Ralph Bryan ELLISON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6425.**

United States Court of Appeals
Tenth Circuit.

Oct. 11, 1960.

---

Duke Duvall, Oklahoma City, Okl. (Jack H. Coleman, Oklahoma City, Okl., on the brief), for appellant.

Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal by Ellison from an order overruling his motion to vacate a sentence filed under 28 U.S.C.A. § 2255.

An indictment was returned in the United States District Court for the Western District of Oklahoma charging

Ellison and five other defendants with violations of Federal criminal statutes relating to narcotic drugs. Ellison was named as a defendant in eight counts of the indictment.

Thereafter, on May 15, 1957, Ellison, having received a copy of the indictment, appeared in open court and asked the court to appoint counsel to represent him. Thereupon, the court appointed Carmon C. Harris, an experienced member of the Oklahoma bar, to represent Ellison. Later on the same day, Ellison, after he had conferred with his counsel, Harris, appeared in open court and entered pleas of not guilty to such eight counts. On May 24, 1957, Ellison again appeared in open court, together with his counsel, Harris, for the purpose of withdrawing his pleas of not guilty to Counts 1, 2, 3 and 14 of the indictment. He was informed in detail of the maximum penalty which could be imposed against him on each of such counts, in the event he withdrew his pleas of not guilty and entered pleas of guilty to such counts. Mr. Harris then made the following statement to the court:

"The defendant has been thoroughly advised of his rights. We have discussed the matter during the major course of the day. He has been advised heretofore of the maximum penalties that may be imposed, and he waives the reading of the indictment; and he now withdraws his plea of not guilty and enters a plea of guilty to Counts 1, 2, 3, and 14."

The following then transpired:

"The Court: All right, the Court has to ask you personally if you desire to do that; let's see, this is Ellison?

"Mr. Camp: Ralph Bryan Ellison.

"The Court: Yes, Ralph Bryan Ellison.

"You have heard the statement of your attorney, Mr. Harris, and talked this over with him and you know exactly what you are doing about it now?

"Defendant Ellison: Yes, sir.

"The Court: All right, and you want to enter a plea of guilty to Counts 1, 2, 3, and 14?

"Defendant Ellison: Yes, sir.

"The Court: All right, the Court will permit you to withdraw your plea of not guilty and enter a plea of guilty to Counts 1, 2, 3, and 14."

On May 28, 1957, Ellison filed a motion to withdraw his pleas of guilty to Counts 1, 2, 3 and 14, pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., based primarily on a claimed defense of entrapment.

On May 29, 1957, a full and complete hearing was had on the motion to withdraw the pleas of guilty. Mr. Harris made a statement and Ellison testified at length. At the conclusion of the testimony, Mr. Harris asked the court to make a finding with respect to the probable guilt or innocence of the defendant. Thereafter, on May 29, 1957, the court forwarded a letter to Mr. Harris, the United States Attorney, and the clerk of the court, in which he stated:

"The court has concluded that defendant Ellison's motion to withdraw plea of guilty should be, and hereby is, overruled.

"The hearing this morning disclosed that at the time Ellison entered his plea he did so after being fully advised of his rights, while being represented by able counsel, and of his own voluntary will.

"Moreover, the statements of counsel and the defendant make it clear that the defendant is in fact guilty of the charges to which he entered his plea; and, that no useful purpose can be served by permitting a change of such plea."

In Barnes v. Hunter, 10 Cir., 188 F.2d 86, 88, certiorari denied 342 U.S. 920, 72 S.Ct. 368, 96 L.Ed. 688, this court said:

"Section 2255, supra, does not give a prisoner the right to obtain a review, first by the court which imposed the sentence and then on appeal from a denial of a motion to

vacate, of errors of fact or law that must be raised by timely appeal. The purpose of the section was not to confer a broader right of attack upon a judgment and sentence than might theretofore have been made by habeas corpus, but rather to provide that the attack which theretofore might have been made in some other court through resort to habeas corpus, must now be made by motion in the sentencing court, unless it shall appear that the remedy by motion is inadequate or ineffective to test the legality of the prisoner's detention. While the form of attack is direct, the grounds therefor are limited to matters that may be raised on collateral attack." [1]

The grounds urged in the motion for leave to withdraw the pleas of guilty afforded no basis for a collateral attack on the judgment and sentence under § 2255.[2]

Affirmed.

---

1. See also Hurst v. United States, 10 Cir., 177 F.2d 894.

2. Way v. United States, 10 Cir., 276 F. 2d 912, 913.