Robert Augusta **BURDICK**

v.

**J. Wayne ALLGOOD, Warden.**

Misc. No. 844.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 30, 1967.

Fred H. Belcher, Jr., McCollister, Belcher, McCleary & Fazio, Baton Rouge, La., for petitioner.

Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Teddy W. Airhart, Jr., Asst. Atty. Gen., Baton Rouge, La., for respondent.

WEST, District Judge:

This is a suit by a State prisoner, Robert Augusta Burdick, for the issuance by this Court of a writ of habeas corpus. Petitioner is presently incarcerated in the Louisiana State Penitentiary serving concurrent terms of fifteen (15) years for illegal sale of narcotics and five (5) years for illegal possession of narcotics. He was charged with these crimes by a two count bill of information filed on June 24, 1963 by the Assistant District Attorney for the Parish of Orleans, Louisiana, and was convicted, after trial by jury, on both counts on October 30, 1963. He was sentenced as indicated above on October 30, 1963, and has, since that time, been confined to Louisiana State Penitentiary. Upon applying to this Court for a writ of habeas corpus, his pe-

tition was originally dismissed without an evidentiary hearing. On appeal, the United States Fifth Circuit Court of Appeals reversed and remanded the matter to this Court for an evidentiary hearing. This Court then appointed counsel to represent petitioner and a full evidentiary hearing was held. At that hearing the following grounds were urged by petitioner as reasons why a writ of habeas corpus should issue:

"(1)  Relator was arrested without legal warrant and without proper cause.

"(2)  Relator was denied his constitutional rights of access to an attorney and held incommunicado during the most critical period of his illegal incarceration.

"(3)  Relator was denied his right to a pre-trial examination and was not arraigned for a period of two months and 11 days after his arrest, which illegal incarceration violates the entire state court proceeding, and by itself entitles Relator to his freedom.

"(4)  Relator was entrapped and enticed into crime by a federal police officer.

"(5)  Certain illegally obtained inculpatory statements were illegally introduced into evidence at Relator's state court trial, including the fruits of the illegal entrapment, and these facts, ipso facto, should entitle Relator to his freedom."

After due consideration of the record in this case and of the facts adduced at the evidentiary hearing, it is, for the following reasons, the considered opinion of this Court that petitioner's application for the issuance of the writ of habeas corpus should be denied.

1. Petitioner contends that his constitutional rights were violated in that he was arrested without legal warrant and without probable cause. The evidence does not support this contention.

From May, 1962, until the time of petitioner's arrest in May, 1963, Federal Investigators, and particularly one Carl Stevens, a Federal Customs Port Investigator, had been working in the New Orleans area attempting to uncover suspected smuggling of narcotics into this country. Mr. Stevens knew that petitioner, whom he knew as "Geetchie," was living in New Orleans on unsupervised probation after having been convicted in a Federal Court in Texas on a narcotic charge. He had reason to believe that petitioner was both a "pusher" and a "user" of narcotics. On several occasions during July of 1962 Mr. Stevens met petitioner in a barroom and joined him in partaking of alcoholic drinks. On several of these occasions, when Mr. Stevens indicated his desire to purchase some marihuana, petitioner secured marihuana for him. Mr. Stevens paid petitioner for the marihuana when it was delivered to him. During the ensuing year the investigation continued and was centered around several known handlers of narcotics. When the investigation was completed in May of 1963 and plans were made for a "roundup" or the arrest of those whom the agents had probable cause to believe were engaged in illegal narcotic traffic, warrants for arrest were obtained. A capias for the arrest of petitioner was issued on May 7, 1963, but when the "roundup" was effected, petitioner could not be located. Thereafter an article appeared in a local newspaper concerning the fact that a capias was outstanding for petitioner's arrest. Seeing this article petitioner went to the police station and surrendered himself. He was informed of the charges against him and was booked on charges of narcotics violation. The evidence is overwhelmingly in favor of the conclusion that there was probable cause for the arrest of petitioner, and the evidence clearly establishes the fact that there was, in fact, a capias issued for his arrest two days prior to the arrest actually having been made. Thus the allegation of illegal arrest is without foundation or merit.

2. Petitioner's second contention is that he was denied his constitutional right of access to an attorney and was held incommunicado during the most critical period of his alleged illegal incarceration. The testimony presented to this Court refutes this charge. Petitioner was arrested on May 9, 1963. While he now alleges that he was not allowed to use a telephone to contact an attorney or friends, the Court, after seeing and hearing the witnesses who testified, simply does not believe this allegation. The Court finds as a fact that petitioner was arrested when he voluntarily presented himself to the narcotics office of the New Orleans Police Department at about 8:00 o'clock in the morning of May 9, 1963. He was, at that time, interrogated for about twenty or thirty minutes. The only statement he made was that he "knew all about marihuana, that he smoked it, but did not sell it and was not guilty of the charges against him." He was booked for illegal sale and possession of marihuana. It is the opinion of this Court that while at the police station petitioner had free access to a telephone despite his present claim to the contrary. The fact that he was interrogated upon his arrest without having a lawyer present was not, at that time, a violation of his constitutional rights since the cases of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, are not to be retroactively applied. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Furthermore, there were no inculpatory statements made by petitioner at any time during his entire incarceration that were used against him at his trial. He consistently denied any guilt, and the only statement that he made was to the effect that he knew all about marihuana and that he smoked it but that he did not sell it. At his trial he himself repeated this statement to the jury, and hence the fact that the statement was referred to during the trial by the prosecuting attorney did not

in any way prejudice the petitioner any more than he prejudiced himself, if indeed he did, by making the statement referred to before the jury. He was arraigned on July 22, 1963, at which time an attorney was appointed by the Court to represent him. On September 16, 1963, a friend posted bond for him and he was then released from custody, whereupon he discharged his court-appointed attorney and retained an attorney of his own choice. He was tried and convicted by a jury on October 30, 1963.

While there might have been an undue delay in arraigning petitioner on July 22, 1963, after his arrest on May 9, 1963, this fact alone does not constitute a violation of his constitutional rights. State of Louisiana ex rel. Weiymann v. Allgood, Warden, 250 F.Supp. 294 (E.D. La.1966), aff. 367 F.2d 394 (CA 5 1966); Lovelace v. United States, 357 F.2d 306 (CA 5 1966). There is no showing whatsoever that anything transpired during that time which in any way prejudiced petitioner at his trial on October 30, 1963. The record does not bear out his allegation that he was held incommunicado during his incarceration, nor does it bear out his allegation that he was denied access to an attorney during that time.

3. Petitioner next complains that he was denied his right to a pre-trial examination. A pre-trial hearing before a magistrate is not a Federal constitutional right which, if denied, requires a petitioner's release on habeas corpus. Dillard v. Bomar, 342 F.2d 789 (CA 6 1965), cert. den. 382 U.S. 883, 86 S.Ct. 176, 15 L.Ed.2d 123; Pappillion v. Beto, 257 F.Supp. 502 (S.D.Tex.1966); Collins v. Beto, 245 F.Supp. 639 (S.D.Tex. 1965).

4. Petitioner claims that he was entrapped and enticed into crime by a Federal police officer. It has been almost universally held that entrapment is a defense and cannot be asserted as grounds for a collateral attack on a Federal sentence. Moore v. United States, 334 F.2d 25 (CA 5 1964); Ellison v. United States, 283 F.2d 489 (CA 10 1960), cert. den. 365 U.S. 885, 81 S.Ct. 1038, 6 L.Ed.2d 196; United States v. Bailey, 331 F.2d 218 (CA 7 1964); Matysek v. United States, 339 F.2d 389 (CA 9 1964), cert. den. 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437; Anderson v. United States, 338 F.2d 618 (CA 9 1964); Way v. United States, 276 F.2d 912 (CA 10 1960); Turner v. United States, 262 F.2d 643 (CA 8 1959); Stanley v. United States, 239 F.2d 765 (CA 9 1956). This Court is of the opinion that the case of United States ex rel. Hall v. People of the State of Illinois, 329 F.2d 354 (CA 7 1964), cert. den. 379 U.S. 891, 85 S.Ct. 164, 13 L.Ed.2d 94, correctly states the same principle as being applicable to a state conviction and is controlling in this case. But even if this were not the law, petitioner has failed to prove that he was entrapped. The evidence shows that the Federal Investigator knew of petitioner's past narcotics activities and of his reputation as a source of supply of narcotics and had reason to believe that petitioner was violating the law. The Investigator merely offered petitioner an opportunity to commit a crime and did not in any way entice him to commit a crime. Petitioner's claim of entrapment does not warrant his release on habeas corpus.

5. Lastly petitioner contends that illegally obtained inculpatory statements were used against him at his trial. This contention has been previously disposed of in this opinion and is without merit.

For these reasons petitioner's application for the issuance of a writ of habeas corpus will be denied.