Robert Augusta BURDICK, Appellant,

v.

J. Wayne ALLGOOD, Warden, Appellee.

No. 25242.

United States Court of Appeals
Fifth Circuit.

Nov. 1, 1968.

Fred H. Belcher, Jr., Baton Rouge, La., for appellant.

Teddy W. Airhart, Jr., Asst. Atty. Gen., Baton Rouge, La., for appellee.

Before JOHN R. BROWN, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM:

The following grounds upon which appellant is making his habeas corpus attack upon his state court convictions for possession and sale of marihuana are quoted from the trial court's memorandum opinion, D.C., 270 F.Supp. 614:

"(1) Relator was arrested without legal warrant and without proper cause.

"(2) Relator was denied his constitutional rights of access to an attorney and held incommunicado during the most critical period of his illegal incarceration.

"(3) Relator was denied his right to a pre-trial examination and was not arraigned for a period of two months and 11 days after his arrest, which illegal incarceration violated the entire state court proceeding, and by itself entitles Relator to his freedom.

"(4) Relator was entrapped and enticed into crime by a federal police officer.

"(5) Certain illegally obtained inculpatory statements were illegally introduced into evidence at Relator's state court trial, including the fruits of the illegal entrapment, and these facts, ipso facto, should entitle Relator to his freedom."

The court below found against the appellant on the factual basis alleged in support of each of such contentions, even though it pointed out that some of them, such as entrapment and denial of pre-trial examination, were not legally recognized grounds for collateral attack on a conviction.

We have carefully examined the record and agree that the trial court had ample basis for these findings and the judgment denying the writ.