Johnny Leo **HILL**, Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 28834
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1970.

---

Johnny Leo Hill, pro se.

Ronald Luna, Asst. Atty. Gen. of Texas, Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Pat Bailey, Exec. Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

■ This appeal is taken from an order of the district court denying the peti-tion for the writ of habeas corpus of a Texas convict. We affirm.[1]

Appellant, a Texas convict, was convicted on his plea of guilty to bank robbery and was sentenced to 25 years imprisonment. He had previously been sentenced on a guilty plea in the federal court for robbing the same bank.

After exhausting his available state remedies, appellant filed a petition for the writ of habeas corpus in the court below asserting as grounds for relief that (1) although legally arrested in Johnson County, he was improperly released to the custody of the Bosque County Sheriff while still in Johnson County; (2) he was not immediately taken to the nearest available magistrate and therefore a subsequent confession was unlawfully obtained; (3) he and his co-defendant were improperly placed in a two-man line up; and (4) that sentences in both the state and federal court for the same bank robbery constituted double jeopardy. The district court denied relief without an evidentiary hearing.

■ As to the double jeopardy claim, there has been no change in the rule of Bartkus v. Illinois, 1959, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684, that convictions by separate sovereigns for separate offenses arising out of the same event do not constitute double jeopardy. This precise contention has already been considered and denied by this court in an earlier appeal. Hill v. Beto, 5 Cir., 1968, 390 F.2d 640. That result is not changed by Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. We agree with the district court that there is no merit in law or fact in any of the other assertions of error.

■ The district court here concluded that the records made in the state courts were such as not to require a further evidentiary hearing in the federal habeas

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

court. The court then made its own conclusion of law, based on the state records, that appellant had been afforded full and fair hearings in the state court, that the state court factual findings were amply supported. The procedure followed by the district court was precisely that taught in Townsend v. Sain, 1963, 372 U.S. 293, 312–314, 318, 83 S.Ct. 745, 9 L.Ed.2d 770. See also 28 U.S.C.A. § 2254, as amended November 2, 1966.

No error appearing, the judgment is affirmed.