**Marvin Fred BAUER, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 28633**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 23, 1970.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

■ This is an appeal from the dismissal of a petition for writ of habeas corpus filed by a Texas state prisoner.[1] Two aunts of appellant were murdered in their ranch home in 1960. Appellant was the foreman of the ranch and lived in a house separate and apart from the home of his aunts but on the same ranch. He was convicted of murdering one of his aunts and received a life sentence. He was never tried on the charge of murdering the other aunt. No state court appeal was taken.

■ Appellant originally sought collateral relief in the state trial court on two grounds. The first was that the wills of his aunts were taken illegally from their home by the county prosecutor and introduced in evidence against him in the state trial. He contended that the taking amounted to an unconstitutional search and seizure. The state habeas court, after an evidentiary hearing, concluded that appellant impliedly consented to the removal of the wills from the home of his aunts. The federal habeas court was of the same view. We agree.

■ The other ground was that he was denied compulsory process for the purpose of obtaining a witness during his trial. This contention was abandoned in the state habeas court prior to any factual development whatsoever. Thus, it was proper for the district court to decline to consider the question.

■ There was no evidentiary hearing in the federal court. None was necessary. It is plain that the state record furnishes the necessary support for the factual findings on the question of consent and that the legal conclusion of the federal habeas court, independently made,

Marvin Fred Bauer, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Robert C. Flowers, Asst. Atty. Gen., Jo Betsy Lewallen, Asst. Attys. Gen., Nola White, First Asst. Atty. Gen., Pat Bailey, Executive Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

is free from error. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770; Allen v. Stynchcombe, 5 Cir., 1970, 421 F.2d 1399; Hill v. Beto, 5 Cir., 1970, 422 F.2d 840.

Affirmed.