Cleveland HOLLINGSHEAD, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 27526.

United States Court of Appeals, Fifth Circuit.

April 28, 1970.

Cleveland Hollingshead, appellant, pro se.

Earl Faircloth, Atty. Gen. of Florida, James Robert Yon, J. Christian Meffert, Asst. Attys. Gen., Tallahassee, Fla., for appellee.

Before TUTTLE, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM: Our per curiam opinion dated March 12, 1970, is withdrawn and the following corrected opinion is substituted therefor:

■ Hollingshead filed a petition for writ of habeas corpus in the district court below.[1] The petition was denied

---

1. Hollingshead's route to the federal courts has been long and circuitous. In 1964, the petitioner was convicted of robbery and sentenced to a term of six months to fifteen years. His petition for habeas corpus was denied without opinion by the Florida Supreme Court. Hollingshead v. Wainwright, Fla.1965, 177 So.2d 477. That decision was reversed by the United States Supreme Court in Hollingshead v. Wainwright, 1966, 384 U.S. 31, 86 S.Ct. 1284, 16 L.Ed.2d 333. On remand, the Florida Supreme Court in Hol-

lingshead v. Wainwright, Fla.1966, 188 So.2d 788, appointed a commissioner to hold an adversary hearing to determine if the petitioner had been denied due process by the trial court's alleged refusal to furnish counsel to Hollingshead for the purposes of perfecting a direct appeal. After receiving the commissioner's findings, the Florida Supreme Court in Hollingshead v. Wainwright, Fla.1966, 194 So.2d 577, directed the First District Court of Appeals of Florida to afford Hollingshead a delayed full appellate re-

without a hearing. The district court did not have the record of the trial court before it when it denied Hollingshead's petition.[2] We remand for further findings. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

■■■ It is now a rubric in the expansive and expanding field of habeas corpus law that a federal district court is required to conduct a hearing if the material facts were not adequately developed at the state court hearing. Townsend v. Sain, supra. The state proceeding, Hollingshead v. State of Florida, Fla. App.1967, 205 So.2d 351, contains not even a hint of express findings of fact regarding his present claim that he was inadequately represented. If the petitioner's allegations taken as true (as they must be) assert a constitutional violation, a hearing was required.

Hollingshead's essential allegation[3] is that he was deprived of the right to have effective assistance of counsel. The petitioner alleges that the Public Defender interviewed him on only two occasions before trial—once before arraignment, and once fifteen minutes before trial. The result of this sparse communication, the petitioner asserts was that three witnesses who could have supplied a defense for the petitioner were not called. The petitioner suggests that the reason for the lack of communication was that the Public Defender program in Florida was new and that the explosive impact of the *Gideon* decision

had placed too great a burden on an overworked Public Defender staff. The factual basis of these allegations was not, however, tested in the State Court hearing. That hearing was concerned only with whether the petitioner had been advised of his right to appointed counsel.

The district court determined that the petitioner was not denied the right to effective counsel because Hollingshead's trial was not a mockery or a sham. This determination was made even though the district court never had the trial record before it.

■■ On remand, the effectiveness of counsel must be tested not only by a review of the available trial record but by further appropriate hearings to determine the truthfulness of the petitioner's allegations concerning the pre-trial preparation of counsel. Such a hearing is required because in neither the State Court nor the Federal District Court has there been a hearing to determine or hear evidence on the questions of adequacy of representation. See Bauer v. Beto, 5 Cir. 970, 423 F.2d 1113. Effectiveness of counsel is not tested merely by counsel's performance in the courtroom but must also be measured by the attorney's familiarity with the facts and the law of the case. See Caraway v. Beto, 5 Cir. 1970, 421 F.2d 636; Roberts v. Dutton, 5 Cir. 1966, 368 F.2d 465.

Remanded for further proceedings.

view by way of habeas corpus. Appellant's conviction was affirmed by that court in Hollingshead v. State of Florida, Fla.App.1967, 205 So.2d 351.

2. On April 24, 1969, the state filed an unopposed motion to file a supplementary record before this Court. The motion states that the supplementary record contained a transcript of the trial court proceedings which was not before the district court when it denied the petition.

3. The allegations urged by Hollingshead were: (1) the trial court erred in its denial of a motion for new trial; (2) the verdict was contrary to the evidence and the law; (3) he was denied the right of counsel on appeal; (4) he was denied the right to a speedy trial; (5) he was denied counsel at various stages of his trial; (6) he was denied compulsory process; (7) he was denied the right to communicate freely with counsel.