**James RICHARDSON, Petitioner-Appellant,**

v.

**The STATE OF TEXAS, Respondent-Appellee.**

**No. 28711.**

United States Court of Appeals, Fifth Circuit.

May 12, 1970.

Carl Luna, Garland, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., of Texas, Charles R. Parrett, Gilbert Pena, Asst. Attys., Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

James Richardson appeals from the denial of habeas corpus without evidentiary hearing. He alleges that the state court proceedings denied him counsel of his own choosing and denied him an ex-

amining trial, thereby depriving him of access to evidence important to his defense. A thorough consideration of the record before the district court discloses that Richardson was accorded a fair and full hearing on these issues in his prior state habeas corpus proceedings, that his claims are without merit and that the proceedings below were free of error. We affirm.

Richardson is imprisoned pursuant to a Texas burglary conviction which was affirmed on direct appeal. He subsequently sought and was granted state habeas corpus review, which was denied after a full evidentiary hearing. A petition to the United States District Court on the identical issues presented to and considered by the state habeas court ensued and was denied without an evidentiary hearing.

 With regard to his first claim, the record discloses that the Texas habeas court conducted a full, fair hearing to determine the factual basis of the claim that Richardson was denied counsel of his own choosing. That record plainly furnished support for the necessary factual findings and eliminated the necessity for further evidentiary hearing in the federal court. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Bauer v. Beto, 423 F.2d 1113 (5th Cir. 1970) and cases there cited; Ryan v. Wainwright, 424 F.2d 198 (5th Cir. 1970). Richardson demanded that the state trial court allow him to hire counsel of his own choosing. After three months and numerous delays, Richardson had not employed counsel and admitted that he lacked funds for such employment. It was only then that the court ordered the trial to commence with appointed counsel, but even then the court advised Richardson that if he subsequently hired an attorney his court appointed counsel would withdraw. In the face of such a record his claim regarding counsel is patently frivolous. Brown v. Pepersack, 334 F.2d 9 (4th Cir. 1964), cert. den. 379 U.S. 917, 85 S.Ct. 269, 13 L.Ed.2d 188 (1964).

 Richardson's other claim that he was prejudiced by denial of an examining trial is also without merit. An examining trial is a creation of state law, the denial of which in itself, presents no substantial federal question. See Burdick v. Allgood, 270 F.Supp. 614 (E.D., La.), aff. 402 F.2d 480 (5th Cir. 1967); Dillard v. Bomar, 342 F.2d 789 (6th Cir. 1965), cert. den. 382 U.S. 883, 86 S.Ct. 176, 15 L.Ed.2d 123 (1965). Richardson urged in the state habeas corpus court that the denial of the examining trial unconstitutionally deprived him of access to evidence. Richardson was given every reasonable opportunity on this hearing to support his claim but did not.[1] Under these circumstances the federal habeas judge correctly refused to give Richardson another hearing on this same matter. Richardson had the burden of proving sufficient facts to warrant a finding that his constitutional rights had been denied. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Scott v. Walker, 358 F.2d 561 (5th Cir. 1966). He did not demonstrate to the district court that he could add anything to his testimony before the state tribunal, nor did he show that there were facts available at the time of the federal proceeding which had not been available at the state habeas hearing. See Townsend v. Sain, supra.

Affirmed.

---

1. The state trial judge told Richardson and his lawyer at the habeas hearing that he was not concerned with the form or legal title to be assigned to Richardson's complaint. He made it clear that his rights would be determined by the substance of what he went on. "Let's see what he has got on his mind, and what he is complaining about. Whether it is in here or not, I would like to see what he is talking about."