**Keith L. SHANK, Petitioner-Appellant,**

v.

**S. Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellee.**

No. 28821
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 2, 1970.

in the district court without an evidentiary hearing. We affirm in part and vacate and remand in part.[1]

Appellant was convicted on a guilty plea in the Superior Court of DeKalb County, Georgia of the offense of larceny after trust. While serving the sentence imposed on the plea of guilty, he sought a writ of habeas corpus in the appropriate state court, alleging illegal extradition, denial of counsel and a coerced guilty plea. The state court ruled against him on all grounds after an evidentiary hearing and the entry of findings of fact and conclusions of law.

The district court concluded that appellant had exhausted his state remedies, and also that there was no merit as a matter of law in the claim of illegal extradition. The district court also rejected the contention that the sentencing court lacked jurisdiction. We affirm as to these rulings.

This leaves for decision the ruling against appellant on his claim of denial of counsel and coerced guilty plea. The district court adopted the factual determinations of the state habeas court on these points. No independent determination was made as to the conclusions of law involved. There is a close question as to whether appellant was denied counsel in the absence of the testimony of the lawyer who represented him in the state sentencing court. Appellant sought to subpoena the lawyer in the state habeas hearing (a forma pauperis proceeding) but failed to tender witness fees and mileage and the witness did not appear. The state proceeding went forward without the testimony.

We vacate and remand as to the ruling on the denial of counsel and coerced plea contentions with direction that the district court follow the procedure detailed

Keith L. Shank, pro se.

Arthur K. Bolton, Atty. Gen., Larry H. Evans, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is from the denial of a petition for writ of habeas corpus

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

in Allen v. Stynchcombe, 5 Cir., 1970, 421 F.2d 1399:

"The district court * * * concluded that the records made in the state courts were such as not to require a further evidentiary hearing in the federal habeas court. The court then made its own conclusions of law, based on the state records, that appellant had been afforded full and fair hearings in the state court, that the state court factual findings were amply supported, and that the plea of guilty was entered voluntarily.

"The procedure followed by the district court was precisely that taught in Townsend v. Sain, 1963, 372 U.S. 293, 312–314, 318, 83 S.Ct. 745, 9 L.Ed.2d 770. See also 28 U.S.C.A. § 2254, as amended November 2, 1966."

See also Bauer v. Beto, 5 Cir., 1970, 423 F.2d 1113; Hill v. Beto, 5 Cir., 1970, 422 F.2d 840.

Affirmed in part; vacated and remanded in part.