**Jack Wesley DENNIS, Petitioner-Appellant,**

**v.**

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

**No. 30653**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1970.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I [No. 29278, August 14, 1970].

Jack W. Dennis, pro se.

Jack P. F. Gremillion, Atty. Gen., State of La., Baton Rouge, La., J. Y. Fontenot, Dist. Atty., Opelousas, La., William P. Schuler, Asst. Atty. Gen., New Orleans, La., Robert Brinkman, Special Asst. Dist. Atty., Opelousas, La., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Jack Wesley Dennis appeals from the district court's denial of his petition for habeas corpus. We affirm.

The appellant is confined by authority of sentences for armed robbery and two charges of attempted murder. He was convicted on his plea of guilty, entered at his request and upon the advice of his court-appointed counsel, on November 12, 1968. There was no direct appeal, but Dennis has exhausted his available state remedies as is required by the provisions of 28 U.S.C. § 2254.

The Louisiana state court in which Dennis was sentenced held an evidentiary hearing on the merits of his petition, following which it denied habeas relief. Certiorari was denied by the Louisiana Supreme Court. The United States District Court denied relief on the basis of the state record, stating reasons in an unpublished memorandum opinion.

The appellant's principal contentions are that he was coerced to plead guilty by threats of the sheriff and a state police captain, and by a severe beating administered by jailers on the day previous to entry of his plea; and that he was not accorded effective representation by his court-appointed counsel. Appellant's other allegations either patently fail to constitute grounds for federal habeas relief,[1] or are defects such as are waived by entry of a valid guilty plea. See Busby v. Holman, 5th Cir. 1966, 356 F.2d 75.

The district court held that there was no merit to appellant's contentions, based largely on its credibility choices between his testimony and that of the Sheriff, police captain, prosecutor, jailers, and other state's witnesses. We have carefully examined the record, including the transcript of the evidence taken at the state hearing. On the basis thereof, we hold that the findings of fact of the district court are not clearly erroneous; and we perceive no error of law in the ruling below. See Tyler v. Beto, 5th Cir. 1968, 391 F.2d 993, cert. denied 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574; O'Neal v. Smith, 5th Cir. 1970, 431 F.2d 646; Doughty v. Beto, 5th Cir. 1968, 396 F.2d 128; Foster v. Beto, 5th Cir. 1968, 391 F.2d 993, cert. order appealed from is affirmed.

Affirmed.

---

1. Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, relied on by the appellant, would be of no help to him even if it were held to be retroactive. Cf. Halliday v. United States. 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. Appellant Dennis, unlike Boykin, had a full post-conviction evidentiary hearing on the basis of which his plea was held to have been understandingly and voluntarily made by him.