**William Harrison Paul DANIEL, Petitioner,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

**Civ. A. No. 1624.**

United States District Court,
N. D. Florida,
Tallahassee Division.

Dec. 30, 1970.

John E. Roberts, Marianna, Fla., Court-appointed, for petitioner.

Robert L. Shevin, Atty. Gen of Fla., Tallahassee, Fla., for respondent.

## ORDER

MIDDLEBROOKS, District Judge.

On September 15, 1970, this Court ordered that an evidentiary hearing be held for development of facts in determining whether the pleas of guilty, entered by petitioner on January 15, 1969, in the Circuit Court in and for the Fourteenth Judicial Circuit of Florida, were voluntarily and intelligently made. On October 12, 1970, an evidentiary hearing was held in the above entitled cause in the Circuit Court at Jackson County, Florida, and on November 18, 1970, that Court entered its findings of fact and conclusions of law after considering the testimony adduced at the hearing.

The events of which petitioner complains and makes the basis for relief in his petition for writ of habeas corpus may be chronicled as follows:

Petitioner, having been charged in the Circuit Court of Jackson County, Florida, with the offenses of breaking and entering with intent to commit a felony and for possession of narcotic drugs, originally had entered a plea of not guilty to the former charge and a plea of nolo contendere to the latter charge. On January 15, 1969, he was allowed to withdraw his plea of not guilty to the breaking and entering charge and enter a plea of guilty. At that time imposition of sentence was deferred until February 7, 1969, but that hearing was continued until February 11, 1969, at the request of petitioner at which later time the Court imposed sentence upon petitioner.

It is petitioner's argument that he was induced to change his plea from not guilty to guilty on the breaking and entering charge upon assurances by state officials and by his court-appointed counsel that if he cooperated with them in a certain crime-solving venture he would receive lightened punishment and that he would not receive more than two years' confinement. As reflected in respondent's Exhibit "A" of the response filed on September 3, 1970, the Circuit Court addressed certain inquiries to petitioner regarding the change of the plea in order to ascertain the voluntariness of the plea to be entered and whether the plea was voluntarily made. Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and *pre-Boykin* cases, the procedure used adequately satisfies due process standards and in this

respect the arraignment proceeding would not be constitutionally defective. What remains, however, is a determination as to whether the plea was the product of misapprehension or coercion and for this reason an evidentiary hearing was necessary.

■ The hearing having now been conducted this Court may in its discretion adopt state findings when such findings are full and fair, contain no erroneous views of federal rights or law and are thoroughly dispositive of the same issues raised herein. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Where the record plainly furnishes support for the necessary findings, the need for a second evidentiary hearing in the federal court is obviated. Richardson v. Texas, 425 F.2d 1372 (5th Cir. 1970).

Having read and examined the transcript of testimony this Court finds that although petitioner was engaged in a venture with certain state law enforcement officials to break a "check-writing" ring in north Florida, there is not one scintilla of evidence that these officials promised petitioner any lightened punishment as to the charges pending against him or in any way suggested to him that he plead guilty to those charges. Some discussion as to a lightened sentence or possible probation did pass between petitioner and his court-appointed counsel, but there was no affirmation made by counsel that petitioner would receive a sentence of predetermined duration. Rather, counsel testified that he merely advised petitioner of the available alternatives and the potential consequences of each course of action as he was required to do in order to meet his professional responsibilities. TR 59–68; 74–75. His counsel did say that he would attempt to secure the lowest possible sentence but that he could not guarantee petitioner anything in the way of a definite sentence as that power was vested solely in the trial judge. Counsel then went further and stated that he thought the *least* sentence petitioner would receive

was two or three years but that he in no way intimated that the maximum sentence petitioner would receive would be two or three years.

■ Generally stated a plea of guilty whether made in a state or federal court which has been induced by promises subsequently unfulfilled, renders that plea involuntary and constitutionally defective. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Hansen v. Mathews, 424 F.2d 1205 (7th Cir. 1970); United States ex rel. McGrath v. LaVallee, 319 F.2d 308 (2d Cir. 1963).

There exist, however, legal niceties and refinements to the above rule which oftentimes will set a particular case apart from the holding in *Machibroda,* supra. The case, sub judice, happens not to fall within the scope of the *Machibroda* holding. Although petitioner alleged that his plea was induced as a result of a deal he had made with certain state officials and his court-appointed attorney, the ultimate issue after all the testimony had been presented was whether in fact the plea was induced solely by the conduct of petitioner's counsel. As was stated previously, there was no showing of any inducing promises made to petitioner by state officials and this Court thus will focus its attention to the alleged acts of petitioner's counsel.

In Busby v. Holman, 356 F.2d 75 (5th Cir. 1966), a guilty plea entered upon the advice of defendant's counsel in expectation of leniency was not invalidated as being coerced merely because it was entered upon suggestion of counsel.

Continuing further, the Fifth Circuit Court of Appeals in Cooper v. Holman, 356 F.2d 82 (5th Cir. 1966), a companion case to *Busby,* supra, quoted approvingly from the language used in Cortez v. United States, 337 F.2d 699, 701 (9th Cir. 1964):

" 'No competent lawyer, discussing a possible guilty plea with a client, could fail to canvass these possible alternatives with him. Nor would he fail to ascertain the willingness of the

prosecutor to "go along." \* \* \* At the same time, the lawyer is bound to advise his client fully as to his rights, as to the alternatives available to him, and of the fact that neither the lawyer nor the prosecutor nor any one else can bargain for the court. There is nothing wrong, however, with a lawyer's giving his client the benefit of his judgment as to what the court is likely to do, always making it clear that he is giving advice, not making a promise.

'The important thing is not that there shall be no "deal" or "bargain", but that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced.' " Cooper, supra, 356 F.2d at 85.

Furthermore, "[a] disappointed hope or expectation of leniency—so long as it is not wrongfully induced by the government—does not justify withdrawal of a guilty plea nor afford occasion for invalidating it. \* \* \* " Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

In the instant case the burden of proof rested upon petitioner to establish that his guilty plea was involuntary. That burden must be sustained by a preponderance of the evidence. Dennis v. Henderson, 435 F.2d 1288, 5th Cir. 1970. The presiding judge at the evidentiary hearing held on October 12, 1970, concluded that based on his credibility choices between petitioner's testimony and that of the various sheriffs, the jailers, the county prosecutor and petitioner's counsel, that there was no merit to petitioner's contentions. Having studied the transcript of testimony taken this Court concludes that these findings of fact are not clearly erroneous and along with its own findings of fact set forth earlier it adopts those findings as well.

In sum then this Court concludes that petitioner has not met his burden by showing by a preponderance of the evidence that his guilty plea was involuntary. Dennis, supra; Bates v.

Meadows, 358 F.2d 674 (6th Cir. 1966). Rather, the record discloses that petitioner's counsel was merely executing his professional responsibilities as suggested in Cooper, supra, and that he in nowise promised petitioner he would receive a sentence of predetermined length agreed to by the state court. Additionally, the record discloses that the trial judge before accepting the guilty plea, ascertained the voluntariness of petitioner's plea and whether petitioner understood the consequences of his actions. Any expectation of leniency or lightened punishment was not occasioned through promises of petitioner's counsel but through petitioner's independent assumption that by cooperating with state officials and by pleading guilty he would receive a lightened sentence. "The fact that the defendant is surprised by the severity of the sentence imposed will not alone justify the granting of such a motion [to withdraw a plea of guilty]." Williams v. United States, 192 F.2d 39, 40 (5th Cir. 1951).

In light of the foregoing, it is therefore

Ordered:

The petition for writ of habeas corpus is hereby denied.