**William Edward NOBLES, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 30439**

**Summary Calendar.** *

United States Court of Appeals, Fifth Circuit.

March 3, 1971.

William E. Nobles, pro se.

Crawford C. Martin, Atty. Gen., Robert Darden, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order denying the petition of a Texas state prisoner for the writ of habeas corpus. Appellant contends that his 1957 conviction for robbery by assault should be set aside because his plea of guilty was induced by an illegally obtained confession and was accepted by the trial court without a proper determination of voluntariness. Finding no

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

merit in either of these contentions, we affirm.

The appellant's state trial court held a full evidentiary hearing on the merits of his allegations. He was present at the hearing and represented by counsel. Testimony was heard from the appellant's former privately-retained counsel, the prosecuting attorney, and a friend of the appellant who had been in the courtroom at the time the plea was entered. Appellant's former counsel testified that the plea was voluntarily made. The state court denied habeas relief, finding that the appellant's guilty plea was knowingly, intelligently and voluntarily entered upon the advice of his privately-retained counsel, and was not predicated upon a coerced confession. Moreover, that court was of the opinion that the appellant in fact had not confessed.

The record of the state court habeas proceeding fully supported that court's findings and conclusions. On the basis of that record the United States District Court held that the appellant was not entitled to relief on the ground that his plea was involuntary. Our independent review of the state habeas transcript clearly discloses no error in the district court's ruling. See Eason v. Beto, 434 F.2d 240 (5th Cir. 1970). Moreover, since the appellant failed to allege that his attorney rendered ineffective representation, and the state habeas judge expressly found that the guilty plea was not the result of ineffective assistance of counsel, his contention that his guilty plea was based on an illegally obtained confession does not constitute grounds for federal habeas relief. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Smith v. Smith, 433 F.2d 582 (5th Cir. 1970).

The appellant's second contention is that the trial judge's failure to determine the voluntariness of his plea in a recorded proceeding renders the conviction invalid under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1968). We do not agree with this argument. Even if *Boykin* were to be held to have retroactive effect, it is inapplicable in this case because the state post-conviction hearing resulted in a valid conclusion that the guilty plea was in fact voluntarily and intelligently made. Dennis v. Henderson, 435 F.2d 1288 (5th Cir. 1970).

Having considered all of the appellant's contentions,[1] we find no error in the district court's denial of habeas corpus relief. Accordingly, the judgment below is affirmed.

---

1. In his petition to the district court, the appellant also alleged that: he was denied his right to compulsory process; he was denied his right to have counsel present during a police interrogation; he was not immediately brought before a magistrate; and there was insufficient evidence to support his conviction. Although he has failed to specify these as grounds for reversal on appeal, they are merely non-jurisdictional defects which were waived by the appellant's valid guilty plea. See Busby v. Holman, 356 F.2d 75 (5th Cir. 1966).