Clyde **HENDRY**, Petitioner-Appellant,

v.

C. Murray **HENDERSON**, Warden,
Respondent-Appellee.

No. 71-2155

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1971.

Clyde Hendry, pro se.

Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La., E. Rudolph McIntyre,

Winnsboro La., Stacey, Moak, Baton Rouge, La., for respondent-appellee.

Before COLEMAN, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

We review on appeal an order of the district court denying the petition of a Louisiana state prisoner for the writ of habeas corpus. We vacate and remand.

■ Appellant, represented by court-appointed counsel, was convicted in a trial court of the State of Louisiana on his plea of guilty of attempted murder and was sentenced on June 13, 1966, to 15 years imprisonment. Appellant filed his habeas petition in the court below alleging that his guilty plea was involuntary because given in ignorance of the nature of the charges against him and of the consequences of his plea, that he was not aware of the rights he was waiving by pleading guilty, and that neither the court nor his counsel advised him on these points. The district court denied relief without requiring a response on the grounds that Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274, is not retroactive. This Court has held prior to *Boykin* and prior to appellant's conviction that a conviction based upon a guilty plea given through ignorance is invalid. Wade v. Wainwright, 5 Cir. 1969, 420 F.2d 898; Trujillo v. United States, 5 Cir. 1967, 377 F.2d 266; Busby v. Holman, 5 Cir. 1966, 356 F.2d 75.

Appellant's allegations, if true, set out sufficient grounds for relief. The judgment below is vacated and this cause is remanded to the district court with directions to afford an opportunity to appellant for attempted proof of those allegations, by a review of available state records and by an appropriate hearing and the entry of findings of fact and conclusions of law based thereon. Title 28, U.S.C., Section 2254; Brooks v. Smith, 5 Cir. 1970, 429 F.2d

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**984**

1281; Hollingshead v. Wainwright, 5 Cir. 1970, 423 F.2d 1059.

■ The claim of ineffectiveness of counsel presented to the trial court was apparently not raised in the prior state proceedings. It will be appropriate for the trial court to dismiss this claim without prejudice so as to permit it to be first advanced before and considered by the courts of Louisiana.

Vacated and remanded.