**NATIONAL LABOR RELATIONS BOARD v. STILLEY PLYWOOD CO., Inc.**

**No. 6411.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 8, 1952.

Decided Oct. 13, 1952.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board which directed the Stilley Plywood Company of Conway, South Carolina, to cease and desist from unfair labor practices, to bargain in good faith with a labor union which had been chosen as bargaining representative by its employees and to reinstate with back pay certain employees found to have been discriminatorily discharged or denied reinstatement after a strike brought about in part by unfair labor practices. The facts are fully set forth in the decision and order of the Board and the lengthy report of the trial examiner and need not be repeated here. We think that the findings and order of the Board are sustained by substantial evidence on the whole record except the findings as to the discriminatory discharge of Jethro Rabon and the order for his reinstatement. Respondent admits that the Board's findings with respect to the anti-union activities and coercion in violation of section 8(a)(1) of the National Labor Relations Act, 29 U.S.C.A. § 158(a)(1), are supported by substantial evidence; and there can be no doubt that its findings with respect to refusal to bargain in good faith and the discriminatory discharges of the employees Lewis and Allen are likewise amply supported. While the demand for increase in wages and respondent's refusal thereof were doubtless potent factors in bringing about the strike, there is substantial support for the Board's finding that respondent's refusal to bargain and other unfair labor practices were also contributory factors; and where unfair labor practices are a factor in bringing about a strike the Board may shape its remedies with a view of removing the effect of such practices. As said by Judge Goodrich in Berkshire Knitting Mills v. N. L. R. B., 3 Cir., 139 F.2d 134, 137: "Where the causes contributing to a strike consist of unfair labor practices and employee desires for wage betterments, the latter should not

Owsley Vose, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Normán Somers, Asst. Gen. Counsel, and Maurice Alexandre, Atty., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

John B. McCutcheon, Conway, S. C. (Suggs & McCutcheon, Conway, S. C., and Arthur M. Williams, Jr., Columbia, S. C., on the brief), for respondent.

excuse the employer from the legal consequences that flow from its conduct which transcends the permissible bounds under the National Labor Relations Act".

Question is raised about the amount of back pay to be awarded, but this is a matter to be worked out in future orders of the Board. Certainly, the orders should do no more than make whole the employees discriminatorily discharged or denied reinstatement by awarding them an amount which will equalize their earnings with those not subjected to discrimination. They should not be awarded wages for the time that the mill was standing idle nor should such periods of idleness deprive them of the right to return to work accorded other employees.

The order of the Board will be modified by striking therefrom the finding as to the discriminatory discharge of Jethro Rabon and the order of reinstatement with back pay based thereon; and as so modified the order of the Board will be enforced.

Modified and enforced.