**UNITED STATES of America,
Plaintiff,**

v.

**David Ransom HEATH, Defendant.**

**Crim. No. 11012.**

United States District Court
D. Hawaii.

Feb. 1, 1957.

Louis B. Blissard, U. S. Atty., by E. D. Crumpacker, Asst. U. S. Atty., Honolulu, Hawaii, for plaintiff.

J. Garner Anthony, Honolulu, Hawaii, for defendant.

WIIG, District Judge.

Defendant Heath was indicted by the grand jury on December 14, 1955, on a charge of willful attempt to evade and defeat income taxes due from him and his wife for the calendar years 1949 and 1950, 26 U.S.C. § 145(b). After entering pleas of not guilty to both

counts of the indictment, Heath filed two motions for discovery and inspection of his books, papers, and records which were turned over to agents of the Internal Revenue Service by him and his accountant in the year 1952. Although a receipt was given for the records delivered to the agents by the accountant, no receipt was given Heath for the records which he delivered to the agents.

After an extended hearing on the motions, at which testimony was given by witnesses on behalf of the accused and on behalf of the government and numerous exhibits were introduced, the court entered its findings of fact and conclusions of law. As to one vital fact, the court could come to but one conclusion, based on the evidence, including the testimony of one of the Internal Revenue Service agents:

"(3) That records of the defendant for at least a part of the period covered by the indictment were corrected by defendant in his handwriting and initialed; that those records were in existence prior to the time (Internal Revenue Service) agents Black and Thompson received certain records from the accused and that those records were in the hands of the Internal Revenue agents during the period they were investigating the civil and criminal tax liability of the accused for the years 1949 and 1950."

These records are not now available and must be presumed to be lost, and for this reason the court was unable to compel their production.

On matters of law, the court concluded:

"(1) The defendant in a criminal case is entitled to due process of law and the assistance of counsel for his defense.

"(2) That the gist of the offense charged in the indictment is willful intent to defeat and evade the payment of income taxes; that the existence of documentary evidence of the corrections is relevant to the charges in the indictment and necessary for the preparation of the defense; that the defendant would be unable to prove the existence of errors in the books without a production of his records which evidence could have a direct bearing on the question of his intent.

"(3) That it would, in the opinion of the Court, be a denial of a constitutional trial to compel the defendant to go to trial in the absence of the records sought to be produced by the motion.

"(4) The Court, being satisfied that the document or book has been lost and cannot now be produced, has no alternative but to entertain a motion for the dismissal of the indictment."

In opposition to the motion to dismiss, the government urges that this case should not be tried piecemeal. It is urged that the questions as to whether the missing records did in fact exist, and whether they are essential to preparation and in defense of the charges, should be determined at the trial. The court agrees that in most instances the effective administration of the law requires the elimination of unnecessary delays created by attempts to raise matters of fact or law in advance of trial. But here we are faced with a situation without precedent which does not necessarily involve the court's prescience as to what might happen in the future. The basic elements of fair play and a fair trial are at stake.

Shall this accused and the government now proceed to go through a lengthy and costly criminal trial known to be tainted with reversible error? The government concedes that if it had such vital records and refused to produce them, the indictment could be dismissed, but contends that because they are lost the motion to dismiss should not be granted. The fact that the records were lost and were not willfully withheld from the accused may place the government in a more favorable moral light, but this is no comfort to the accus-

ed, nor does it aid him in the preparation of his defense to the charges contained in the indictment.

■ The court is of the opinion that in this instance the accused's right to a fair trial outweighs the necessity for an early trial. In the event an appellate court should determine that on the state of the record as it now stands, the accused could be accorded a trial in compliance with his constitutional rights, it is better that such determination be made in advance of the trial.

The motion to dismiss the indictment is granted.