Curtis TURNER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16074.

United States Court of Appeals
Eighth Circuit.

Jan. 28, 1959.

Curtis Turner, pro se, submitted briefs.

Edward L. Scheufler, U. S. Atty., and Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City, Mo., submitted brief for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal, in forma pauperis by a prisoner in the Leavenworth penitentiary, from the denial of a motion filed pursuant to 28 U.S.C. § 2255, alleging that appellant's conviction was secured upon evidence establishing entrapment, which, as a matter of law, entitled him to acquittal and that the sentence should therefore be vacated.

Appellant was charged in six counts of an indictment with violations of the narcotic laws. The first three counts related to a sale of heroin in Kansas City, Missouri, on February 6, 1956; the second three counts related to another sale of heroin in that city on April 11, 1956; all in violation of Title 21 U.S.C.A. § 174; Title 26 U.S.C. § 4704; and Title 26 U.S.C. § 4705. The case was tried to a jury, appellant being represented by two attorneys of his own choosing, and on July 3, 1956, appellant was found guilty on all six counts and sentenced to a total term of imprisonment of ten years. No appeal was taken from that judgment and the sentence is now being served.

The motion to vacate the sentence presently involved was filed on June 13, 1958, nearly two years after the conviction. It is the third of such motions filed by appellant and considered by Judge Ridge, who presided at appellant's jury trial. The court treated the first motion, filed September 22, 1956, as a motion under § 2255 and accompanied the denial of it with written opinion, filed September 27, 1956. The gist of that motion was that appellant's conviction had been secured by evidence that established entrapment as a matter of law and should be vacated for that reason. The court's opinion was as follows:

"The motion filed by defendant under * * * [Title 28 U.S.C. § 2255] is a collateral attack upon his judgment of conviction after trial before a jury. No facts are therein alleged revealing any want of jurisdiction in this Court to enter said sentence against the defendant on the verdict of the jury returned.

"A motion under said section may not be used to submit questions of error allegedly occurring at the trial of a case. If any such alleged error occurred, defendant should have appealed from his judgment and sentence after ruling by the Court on his motion for a new trial. No such appeal was taken, and the matters, facts and things now attempted to be presented to the Court by the instant motion are insufficient as a premise for a motion to vacate a sentence under Section 2255, supra. (Taylor v. United States, 8 Cir., 229 F.2d 826).

"In light of the foregoing, defendant's motion to vacate sentence is by the Court denied."

The second motion prayed the court to grant the relief sought in the original motion and closely resembled the first. The court considered it and denied it without opinion.

But the motion presently involved asserted a right to a different ruling on account of the decision of the Supreme Court on May 19, 1958, in the case of Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848. The court accompanied denial of the motion of June 13, 1958, with opinion, filed July 21, 1958, as follows:

"The premise of defendant's motion is that the entire case made against him was based and predicated upon the testimony of a Government informer who was specially engaged in arranging for the defendant to commit the offense whereof he was charged and now stands convicted, and that as a consequence thereof his conviction and sentence were based, predicated and instigated through the entrapment of one Ruth Cook and law enforcement officers working with her with knowledge of defendant's supposed 'entrapment'.

"At his trial, defendant testified as follows:

" 'Q. Now, directing your attention to February 6, 1956, at or about noontime, did you have occasion to see this woman who describes herself as Ruth Cook or Clara Nelson in your apartment, sir? A. No, sir.

" 'Q. Directing your attention to April 11, 1956, at or about 1:00 p.m. or 12:50 p.m. did you have occasion to see this person known as Ruth Cook or Clara Nelson in your apartment, sir? A. No, sir, I didn't.

" 'Q. Did you on either of those occasions sell her narcotics, sir? A. No, sir.

" 'Q. Or take any money from her? A. No, sir.'

"To establish the defense of entrapment, it is assumed that the accused is not denying his guilt but is setting up special facts in bar upon which he relies regardless of his guilt or innocence of the crime charged. It is true that the defense of entrapment may be raised, even though the defendant pleads not guilty, but it 'assumes that the act charged was committed' and where the defendant insists, as he did here, that he did not commit the acts charged against him, the basis of the defense is absent. (Cf. Sorrells v. United States, 287 U.S. 435 [53 S.Ct. 210, 77 L.Ed. 413]; Rodriguez v. United States, 5 Cir., 227 F.2d 912. In light of the foregoing, there is no merit to the defendant's contention that his conviction and sentence are void as a matter of law because of entrapment.

"The instruction given by the Court, referred to in part in defendant's motion, was in connection with the use of 'informer testimony' by the Government. In addition to that

part of the instruction set forth in defendant's motion, the Court went on to say:

" 'You are instructed, however, that although the testimony of an informer is admissible, yet, the evidence of such witnesses when not corroborated by some other person not implicated in the crime or other facts established by the evidence as to matters material to the issue (that is, matters connecting the defendant with the crime charged against him), ought to be received with caution by the jury and the jury ought to be satisfied as to the truth of such testimony before they convict the defendant on such testimony, standing alone.'

"Under the facts adduced before the Court in the instant case, that is the extent to which the Court was required to instruct the Jury, in the absence of a specific request for enlargement thereof. No such request was made, and under the evidence defendant was not entitled to an instruction on entrapment.

"Therefore, defendant's motion to vacate and set aside the judgment and sentence imposed upon him in this Court on the 13th day of July, 1956, is denied."

We hold that the District Court's denial of appellant's attempt to obtain vacation of his conviction under § 2255 is without error. The decision of the Supreme Court in the Sherman case, relied upon by defendant, was upon a direct review of a judgment of conviction for violation of the narcotic laws. Appeal from the judgment of conviction was taken from the District Court to the Court of Appeals for the Second Circuit, and from decision by that Court the Supreme Court took certain questions for direct review through certiorari.

The Supreme Court's decision was upon a plenary review and determination of an issue that had been squarely presented to and ruled upon by the trial court on defendant's trial, and by the court of appeals on direct appeal.

But, as pointed out by the District Court in its first opinion of September 27, 1956, this appellant has presented only " * * * a collateral attack upon his judgment of conviction * * * and the matters, facts and things now attempted to be presented to the Court are insufficient as a premise for a motion to vacate a sentence under Section 2255". That declaration is fully supported by the opinion of this Court in Taylor v. United States, 8 Cir., 229 F.2d 826. Cf., Chapman v. United States, 6 Cir., 247 F.2d 879, 881, certiorari denied 356 U.S. 945, 78 S.Ct. 791, 2 L.Ed.2d 820, and cases cited there.

Although it appears that the District Court has justified the rulings the court made on the jury trial of appellant, we find it unnecessary to discuss them here.

Affirmed.