John Roy SAVAGE, Appellant,

v.

Robert RAINES, Acting Warden, Oklahoma State Penitentiary, Appellee.

No. 6159.

United States Court of Appeals
Tenth Circuit.

Sept. 26, 1959.

Appellant filed a brief pro se.

Owen J. Watts, Asst. Atty. Gen., State of Oklahoma (Mac Q. Williamson, Atty. Gen., State of Oklahoma, was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and HUXMAN, Circuit Judges.

PER CURIAM.

Savage was convicted on a charge of unlawful sale of marijuana in an Oklahoma State Court and sentenced to serve six years in the Oklahoma State Penitentiary.

This is an appeal from an order denying his application for a writ of habeas corpus, on the ground that he had not exhausted his State remedies, in that he had not sought review by a petition for certiorari to the Supreme Court of the United States of a decision of the Criminal Court of Appeals of Oklahoma affirming his conviction, Savage v. State, Okl.Cr., 304 P.2d 344, and a later deci-

sion of the Criminal Court of Appeals of Oklahoma denying his petition for a writ of habeas corpus.[1]

 At his trial on the criminal charge Savage raised and sought to establish the defense of entrapment. The record of the State Court trial is not before us, but from the opinion in Savage v. State, supra, it clearly appears that the evidence introduced by the State and the evidence introduced by Savage at the State Court trial presented an issue of fact for the jury and that such issue was submitted under instructions later approved by the Criminal Court of Appeals of Oklahoma in Savage v. State, supra, and decided adversely to Savage. We may properly depend upon the determination of that issue in the State Court.[2] It is obvious, therefore, that if the matter were open to consideration on the merits, the application for the writ would have to be denied.

 However, here, Savage failed to seek review by the Supreme Court of the United States, by a writ of certiorari or otherwise, either of the decision of the Criminal Court of Appeals of Oklahoma affirming his conviction or of the decision of the State Court denying his petition for a writ of habeas corpus. It is now well settled by the decisions of the Supreme Court of the United States that: "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted." Irvin v. Dowd, 359 U.S. 394, 405, 79 S.Ct. 825, 831, 3 L.Ed.2d 900.[3]

 There is no reason why the general rule should not be applied in the instant case. It follows that the order of the trial court is proper and it is affirmed.

---

1. The petition for the writ of habeas corpus in the State Court was based on alleged entrapment and presented a question that had been decided adversely to Savage on his appeal from the judgment of conviction.

2. Brown v. Allen, 344 U.S. 443, 458, 73 S. Ct. 397, 97 L.Ed. 469.

3. Darr v. Burford, 10 Cir., 172 F.2d 668, affirmed Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Ex parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 88 L.Ed. 572.