**Melvin HAYES, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 6992.**

United States District Court
D. Colorado.

Dec. 9, 1960.

Melvin Hayes, pro se.

ARRAJ, Chief Judge.

This matter comes before the Court on a motion to vacate sentence under 28 U.S.C. § 2255, a motion for appointment of counsel, and an affidavit in forma pauperis which this Court will treat as also being a motion to proceed in forma pauperis.

Defendant was charged in two counts with violations of 21 U.S.C.A. § 174 and was convicted under Count 2 in a trial to the Court. The file reveals no appeal of this conviction. Defendant now claims that the evidence as to Count 2 established the defense of entrapment.

Under 28 U.S.C. § 2255 the matters this Court can consider are far more limited than are the matters which could have been considered on appeal. The defense of entrapment cannot be raised under 28 U.S.C. § 2255. Stanley v. United States, 9 Cir., 239 F.2d 765; Turner v. United States, 8 Cir., 262 F.2d 643; Black v. United States, 9 Cir., 269 F.2d 38. The Turner case clearly distinguishes Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 which is relied upon by defendant.

The motion for appointment of counsel must also be denied. It is a matter of discretion whether to appoint counsel for proceedings attacking the judgment of conviction. Crowe v. United States, 4 Cir., 175 F.2d 799; Richardson v. United States, 10 Cir., 199 F.2d 333; Clatterbuck v. United States, 105 U.S. App.D.C. 295, 266 F.2d 893. Since there appears no matter as to which defendant's conviction is subject to attack, the appointment of counsel is unwarranted.

It is therefore,

Ordered that the affidavit in forma pauperis be treated as being also a motion to proceed in forma pauperis and that the same be and hereby is granted. It is further,

Ordered that the motion to vacate under 28 U.S.C. § 2255 be and the same is hereby denied. It is further,

Ordered that the motion for appointment of counsel be and the same is hereby denied.