**Kenneth Alvis PIERCE, Appellant,**

v.

**Ray H. PAGE, Warden, and the State of Oklahoma, Appellees.**

**No. 8609.**

United States Court of Appeals
Tenth Circuit.

June 24, 1966.

Rehearing Denied Aug. 1, 1966.

of habeas corpus. He was tried and convicted by a jury and sentenced to ten years in the Oklahoma State Penitentiary for burglary second degree after former conviction of a felony. The conviction and sentence were affirmed on appeal and two petitions for rehearing denied. Pierce v. State, Okl.Cr.App., 383 P.2d 699. After petition for writ of habeas corpus was denied in the state court, Pierce filed this application alleging that he was not afforded a constitutionally guaranteed fair trial.

Complaint is made of the exclusion from the evidence of six documents which petitioner contends went to the basic defense of insanity. He also complains of the instructions of the court on the penalty to be assessed and of numerous incidents during the trial which he says demonstrates that it was conducted in an air of prejudice and partiality. The federal trial court denied the writ without a hearing based upon a reading of the opinion of the Oklahoma Court of Criminal Appeals and a review of the case-made in that court.

It seems redundant to say again that habeas corpus is not available to review errors in criminal cases. "The function of the great writ * * * 'is to test by way of an original civil proceeding, independent of the normal channels of review of criminal judgments, the very gravest allegations. State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution.'" See Hickock v. Crouse, 10 Cir., 334 F.2d 95, 100, cert. denied 379 U.S. 982, 85 S.Ct. 689, 13 L.Ed.2d 572, reh. denied 380 U.S. 928, 85 S.Ct. 908, 13 L.Ed.2d 817, quoting Townsend v. Sain, 372 U.S. 293, 311–312, 83 S.Ct. 745, 9 L.Ed.2d 770; see also Poulson v. Turner, 10 Cir., 359 F.2d 588.

It is strenuously argued on appeal, as in the trial court, that any one of the errors complained of is of sufficient gravity to deprive petitioner of his fundamental right to a fair trial, but in any

James R. Schmitt, Wichita, Kan., for appellant.

Charles L. Owens, Tulsa, Okl. (Charles Nesbitt, Atty. Gen. of Oklahoma, on brief), for appellees.

Before MURRAH, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

PER CURIAM.

Petitioner Pierce appeals from an order dismissing his application for writ

event, when all of the errors are compounded, the deprivation of due process is manifest.

Our review of the proceedings in the state court and of the case made convinces us that petitioner was not denied the rudimentary requirements of fair trial and federal habeas corpus is, therefore, unavailable.

The judgment is affirmed.