**Herman Eugene WING, Petitioner,**

**v.**

**Park ANDERSON, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent.**

**Civ. A. No. 73–16.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Dec. 12, 1973.

**198**

Thomas G. Hanlon, Tulsa, Okl., for petitioner.

Paul Crowe, Asst. Atty. Gen., and Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

The petitioner, a prisoner in the Oklahoma State Penitentiary at McAlester, Oklahoma, has filed herein his Application for a Writ of Habeas Corpus in which he challenges the validity of the judgment and sentence of the District Court of Tulsa County, State of Oklahoma, Case No. CRF–69–1867. He alleges that he is entitled to relief on three grounds:

1. The fruits of a constitutionally invalid search were received in evidence at his trial;

2. Hearsay evidence consisting of hospital records showing petitioner's blood type were erroneously admitted in evidence at his trial;

3. The trial court erroneously denied a pretrial discovery motion in which the petitioner asked to be furnished with the results of any scientific tests, experiments or laboratory analyses in connection with his case.

The court has examined the voluminous transcript of petitioner's trial together with the original record in said case No. CRF–69–1867. It appears therefrom that petitioner was convicted after a trial by jury of the crime of robbery with firearms after former conviction of a felony and sentenced to 105 years imprisonment. The state's evidence established that two armed masked men broke into the Harvard Bridge Club in Tulsa, Oklahoma at approximately 11:45 p. m. on November 5, 1969 and robbed one William Fred Oakley of $455.00. Neither the victim nor other witnesses present in the club saw the faces of the robbers and could not identify the defendant. The police, however, arrived during the robbery and one of the robbers, S. E. Powell, was killed as he attempted to flee the scene. The other robber escaped but two of the officers identified the defendant as the other person they saw run from the club. A third officer testified that when he saw the defendant after his arrest at the police station he was wearing clothing similar to that of the one who had gotten away.

The defendant was arrested approximately two blocks from the club at 2:00 a. m. on November 6, 1969. According to the arresting officers the defendant was lying face down in some tall grass. The police also found and searched without a warrant a 1969 Pontiac automobile belonging to one Barbara Jean Chipman, which was parked near the club. The search produced a traffic ticket issued to the defendant, sunglasses, a scotch liquor bottle and fingerprints identified as those of the deceased, S. E. Powell.

The defendant testified that he was in a bar in Bartlesville, Oklahoma, at the time of the robbery and this alibi was corroborated by five witnesses. He also stated that he had secured the car with the owner's consent for Powell's use on the night of the robbery. He explained his presence at the place of his arrest by

saying that he received an anonymous call that Powell was in trouble and his friends brought him to Tulsa to look for the car left by Powell. It was his statement that he was beaten by the arresting officers and the blood on his clothing was his own. In rebuttal the state introduced hospital records from the Oklahoma State Penitentiary showing the defendant's bloodtype which did not match that found on the clothing. The bloodtype on the clothing was the same as one of the persons in the club who was struck in the head during the course of the robbery.

The same matters now urged upon this court were presented on petitioner's direct appeal to the Court of Criminal Appeals of the State of Oklahoma. The denial of the pretrial discovery motion was not regarded as error. The court ruled that the hospital records were inadmissible hearsay and it was error for the trial court to receive them. It also found that the defendant had standing to challenge the search of the car and that the search was invalid. The appeals court considered these matters to be "harmless error" which did not require reversal of the conviction but were nevertheless sufficient to require a modification of the sentence imposed to 45 years imprisonment.

■■■ The contentions of the petitioner concerning the discovery and the hospital records are not matters cognizable in federal habeas corpus. There is no suggestion that the matters sought in discovery constituted evidence favorable to the accused (see *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 [1963]) and there is no constitutional right to discovery of the state's case. *Davis v. Heyd*, 350 F.Supp. 958 (E.D.La.1972). The errors, if any, were mere trial errors. Federal habeas corpus is not available to review errors in criminal cases. *Pierce v. Page*, 362 F.2d 534 (CA10 1966). Trial errors such as the erroneous admission of evidence do not afford a basis for collateral attack. *Carrillo v. United States*, 332 F.2d 202

(CA10 1964); *Alexander v. Daugherty*, 286 F.2d 645 (CA10 1961); *Schechter v. Waters*, 199 F.2d 318 (CA10 1952).

■■■ Unquestionably, however, the allegations of the petitioner concerning the search and seizure of the items in the 1969 Pontiac automobile are sufficient to invoke our inquiry. By virtue of the Fourteenth Amendment, the proscriptions of the Fourth Amendment are made applicable to state officers. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Therefore, incriminating matters seized in violation of the Fourth Amendment are inadmissible in state criminal prosecutions. *Massey v. United States*, 358 F.2d 782 (CA10 1966). The test of whether there has been an infringement of Fourth Amendment protected rights must be determined by federal law even though the police actions are those of state police officers. *United States v. Alberty*, 448 F.2d 706 (CA10 1971).

At the trial the petitioner objected to the admission of such evidence in this manner:

"The defendant would further state that he holds no possessory interest in said automobile and was not present when said automobile was searched, but that the defendant says that the search was instituted for and against this defendant, and consequently that the evidence as disclosed by search, as anticipated by this defendant, would be for the sole purpose of showing that he and the deceased, S. E. Powell, were acting as co-defendants in the case at bar, and said defendant at this time asserts his constitutional rights were violated as to the subsequent search and seizure of said automobile there depicted in State's exhibit 24." (Tr. 272)

The trial court ruled that the petitioner did not have standing to object to the search. On appeal the Court of Criminal Appeals overturned the trial court's determination of standing and proceeded to hold that the search and seizure was constitutionally impermissible. The

court however, treated the error as harmless because the exclusion of the evidence "from consideration would not have affected the verdict."

■ The state here defends on the ground that the error was harmless. The treatment of constitutional errors are governed by federal law and not state law. As stated in *Chapman v. California*, 386 U.S. 18, 21, 87 S.Ct. 824, 826, 17 L.Ed.2d 705 (1967):

"The application of a state harmless-error rule is, of course, a state question where it involves only errors of state procedure or state law. But the error from which these petitioners suffered was a denial of rights guaranteed against invasion by the Fifth and Fourteenth Amendments, rights rooted in Bill of Rights, offered and championed in the Congress by James Madison, who told the Congress that the 'independent' federal courts would be the 'guardians of those rights.' Whether a conviction for crime should stand when a State has failed to accord federal constitutionally guaranteed rights is every bit as much of a federal question as what particular federal constitutional provisions themselves mean, what they guarantee, and whether they have been denied. With faithfulness to the constitutional union of the States, we cannot leave to the States the formulation of the authoritative laws, rules, and remedies designed to protect people from infraction by the States of federally guaranteed rights."

■ Although there are some constitutional rights so basic to a fair trial that their infraction could never be treated as harmless error, no denial of federal constitutional rights can ever be considered harmless unless the court can declare a belief that it was harmless beyond a reasonable doubt. *Chapman v. California*, ibid; *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284 (1969); *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). We do not, however, reach the question of whether the admission of the evidence seized from the automobile meets the more stringent federal test. We believe that the trial court was correct in holding that the petitioner was without standing to object to the search. In reaching its decision that the petitioner did have standing the Court of Criminal Appeals relied upon *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1962), and supporting Oklahoma cases. The Supreme Court in the *Jones* case established a rule of "automatic" standing to challenge an allegedly invalid search where the same possession needed to establish standing is "an essential element of the offense with which the defendant is charged." *Simmons v. United States*, 390 U.S. 377, 390, 88 S.Ct. 967, 974, 19 L.Ed.2d 1247 (1968). On April 17th of this year the Supreme Court clarified the scope of its ruling in *Jones* and held:

". . . There is no standing to contest a search and seizure where . . . the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) had no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure." *Brown v. United States*, 411 U.S. 223, 229, 93 S.Ct. 1565, 1569, 36 L.Ed.2d 208.

■ In petitioner's case he admitted that he was not present when the car was searched. He specifically disavowed any proprietary or possessory interest therein. It is clear that the offense of robbery with firearms does not include as an essential element possession of the seized evidence at the time of the contested search and seizure. Therefore, petitioner had no standing to contest the lawfulness of the search and seizure.

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

It is so ordered.