**Harold Davey CASSELL, Petitioner,**

v.

**PEOPLE OF the STATE OF OKLAHOMA and Park J. Anderson, Warden, Oklahoma State Prison, et al., Respondents.**

**Civ. No. 73–119.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Dec. 19, 1973.

(10%) per annum, from the date of rendition, * * *"

Harold Davey Cassell, pro se.

Kay Karen Kennedy, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

The petitioner has filed herein a Petition for Writ of Habeas Corpus in which he challenges the validity of the judgment and sentence of the District Court of Pushmataha County, State of Oklahoma, Case No. CRF–70–343. It appears that the petitioner was charged with Burglary. After a trial by jury he was convicted and sentenced to 10 years imprisonment. An appeal was perfected to the Oklahoma Court of Criminal Appeals, Case No. A–16–335 which resulted in affirmance of the trial court. Petitioner claims that he filed an application for post conviction relief under the Oklahoma Post Conviction Procedure Act in the sentencing court and that the Oklahoma courts have been afforded an opportunity to consider all the issues now presented to this court.

Petitioner submits for our consideration the following propositions:

"PROPOSITION NO. 1:

That the verdict is not sustained by sufficient evidence.

"PROPOSITION NO. 2:

That the court erred in overruling the petitioner's motion to suppress certain evidence and admitting the said evidence over the objection of the petitioner.

"PROPOSITION NO. 3:

The conviction was had based solely on 'circumstantial evidence' which was, and is, insufficient to sustain said conviction.

"PROPOSITION NO. 4:

That the court erred in admitting in evidence certain articles which had not been, and were not sufficiently identified.

"PROPOSITION NO. 5:

The court erred in permitting the prosecution to illicit certain testimony over the objection of the petitioner.

"PROPOSITION NO. 6:

Other various and sundry errors of the court which deprived the petitioner of a fair and impartial trial, and which were objected to at the time by the said petitioner.

"PROPOSITION NO. 7:

Discrimination against the petitioner at the appellate process whereas the appellate court granted the petitioner's co-equal, co-defendant a reversal, yet denied the petitioner relief. The petitioner's in error of both plaintiff's in error were the same and identical.

"PROPOSITION NO. 8:

The petitioner (Plaintiff in error, Okl.Cr. No. A–16,335) was denied his constitutional rights to due process of law and the assistance of counsel at the appellate stage of the criminal process."

■ Assuming, as we must since the state has submitted no records to the contrary, the correctness of petitioner's allegations concerning the exhaustion of state remedies, the pleadings examined by the court conclusively show that he is entitled to no relief. His first six prop-

ositions are bald conclusions unsupported by any factual allegations whatever. Therefore they are legally insufficient and may be denied without a hearing. Martinez v. United States, 344 F.2d 325 (CA10 1965). Propositions 1, 3, 4, 5 and 6 do not even raise federal constitutional questions cognizable in federal habeas corpus. Sufficiency of the evidence cannot be so considered. Sinclair v. Turner, 447 F.2d 1158 (CA10 1971). Trial errors such as the erroneous admission of evidence cannot afford a basis for collateral attack. Carillo v. United States, 332 F.2d 202 (CA10 1964); Alexander v. Daugherty, 286 F.2d 647 (CA10 1961); Schechter v. Waters, 199 F.2d 319 (CA10 1952).

■ Proposition 7 is wholly without merit. Although it appears that Robert Lee Mantooth may have been a joint participant with petitioner in the same crime, petitioner admits that they were not tried jointly. No two trials are ever exactly the same. The petitions-in-error may have been worded the same in each appeal as alleged by petitioner but this certainly does not make the facts or errors, if any, the same. The court has examined the Opinion of the Oklahoma Court of Criminal Appeals in Mantooth v. State, Okl.Cr., 489 P.2d 219 (1971). The court reversed the judgment of conviction because a confession unconstitutionally obtained from Mantooth was received in evidence. Obviously the identical error could not have occurred in petitioner's trial. There is no constitutional requirement that those persons accused of the same crime receive the same final disposition of their cases. Allen v. VanCantfort, 436 F.2d 625 (CA1 1971). See also United States v. Stidham, 459 F.2d 297 (CA10 1972); Simmons v. United States, 230 F.2d 73 (CA10 1956).

■ It is petitioner's final contention that he was denied effective assistance of counsel on appeal because his attorney did not file a brief or make a request for oral argument. We do not agree. His attorney was privately retained. He filed the petition-in-error. The appeal was perfected but, as was permitted, no brief was filed and no oral argument requested. The Court of Criminal Appeals examined the record and affirmed the conviction. Squarely in point is the case of Hill v. Page, 454 F.2d 679 (CA10 1971) where on like facts our Court of Appeals held:

"In our opinion the petitioner's appeal as taken did not indicate ineffective assistance of counsel as urged, nor did it constitute a denial of the constitutional rights of petitioner. The procedure followed was not contrary to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 nor Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501."

The court in its discretion will deny the petitioner's request for the appointment of counsel and for the reasons stated the Petition for Writ of Habeas Corpus will be denied.

It is so ordered.