Donald Eugene **ROBINSON**, #86239,
Petitioner,

v.

**STATE OF OKLAHOMA et al.,**
Respondents.

Civ. No. 75-0299-D.

United States District Court,
W. D. Oklahoma,
Civil Division.

July 29, 1975.

Donald Eugene Robinson, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for Writ of Habeas Corpus by the above-named petitioner who at the time the petition was filed was incarcerated in the Vocational Training Center, Stringtown, Oklahoma, by virtue of the Judgment and Sentence entered by the District Court of Oklahoma County in Case No. CRF–71–178. Therein the petitioner was charged by Felony Information with the crime of Possession of Marijuana After Former Conviction of a Felony. He entered a plea of Not Guilty, waived preliminary hearing, was tried by jury and convicted on May 20, 1971. On June 7, 1971, in accordance with the verdict of the jury the petitioner was sentenced to imprisonment for a term of 20 years. As grounds for release the petitioner alleges:

1. Petitioner should have been acquitted at trial because the evidence established a clear case of entrapment.

2. The prosecutor was guilty of misconduct as follows:

 (a) improper examination of witnesses;

 (b) improper reference to a prior arrest of the petitioner on cross-examination of the petitioner;

 (c) by improper closing argument.

3. The trial court should have granted a mistrial when the police officer who had the petitioner under surveillance at the time testified that the petitioner attempted to commit oral sodomy on the female informant.

4. "The trial court committed prejudicial error during the second portion of proceedings against defendant.

A. The trial court erred in refusing defendant's offer of proof that he was denied effective assistance of counsel in his earlier conviction.

B. The trial court erred in allowing the state to present a witness who

was not endorsed on the information and to whose appearance, defendant objected.

C. The trial court aboused [sic] its discretion in refusing defendant a short continuence [sic] to gather evidence to impeach a surprise witness.

D. The trial court erred in refusing a directed verdict of the A.F.C.F. Portion of the Proceedings."

■ Following his conviction the petitioner perfected a direct appeal to the Oklahoma Court of Criminal Appeals. On March 16, 1973, the judgment and sentence was affirmed. *Robinson v. State,* 44 O.B.J. 1165. All of the issues above enumerated were presented in the direct appeal. In fact, the petitioner totally misconceives the nature of federal habeas as he has simply copied his appellate brief in the Oklahoma court and forwarded it to this court in support of his petition. Habeas corpus in the federal court does not serve as an additional appeal from state court convictions. *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963). Federal habeas corpus relief is available to state prisoners only on denial by the state of federal constitutional rights. 28 U.S.C.A. § 2254; *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *United States ex rel. Little v. Twomey,* 477 F.2d 767 (CA10 1973), cert. denied 414 U.S. 846, 94 S.Ct. 112, 38 L.Ed.2d 94; *Mathis v. People of the State of Colorado,* 425 F.2d 1165 (CA 10 1970). It is not available to review mere trial errors in criminal cases. *Pierce v. Page,* 362 F.2d 534 (CA10 1965).

■ The only issue which may be said to be of constitutional dimension relates to the former conviction used to prove the A.F.C.F. portion of the charge. Although framed as an objection to the ruling of the trial court in refusing to admit evidence, it may be construed as a substantive objection that a conviction constitutionally void because petitioner was denied counsel was used to enhance punishment. *Gideon v. Wain-*

*wright,* 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963) is fully retroactive. *Kitchens v. Smith,* 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). A conviction in which the defendant did not have a lawyer and had not validly waived one cannot be used against him to enhance punishment for another offense. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). If such a constitutionally invalid conviction is so used, resentencing is required. *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Petitioner, however, has not exhausted his state remedies on this issue. The constitutional issue was not squarely presented on the direct appeal. It is necessary that the petitioner's federal claim be fairly presented to the state courts. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The petitioner has not filed any proceeding under the Oklahoma Post Conviction Procedure Act. Generally the institution of a post conviction action in the state sentencing court is a prerequisite to the granting of habeas relief in the federal court even though the petitioner may have already had a direct appeal. *Brown v. Crouse,* 395 F.2d 755 (CA10 1968); *Omo v. Crouse,* 395 F.2d 757 (CA10 1968). It is only when the issue is clearly one of law and there are no facts to be developed that petitioner is not required to avail himself of state post conviction procedures in the state sentencing court. *Sandoval v. Rodriguez,* 461 F.2d 1097 (CA10 1972). Whether the petitioner had counsel or made an intelligent waiver of counsel are obviously factual questions which can be fully developed at an evidentiary hearing in a state post conviction proceeding. The rationale for requiring the institution of a post conviction action is set forth in the *Brown* case, supra.

". . . The post conviction court is empowered to hold an evidentiary hearing and to otherwise develop the facts as they relate directly to the constitutional issues there raised. Thus a record may be made and it may in-

clude facts not theretofore detailed. [A] record, as compared to the initial trial record, may be enlarged in a hearing directed specifically to the issues at hand. A state court thus has broad powers to direct a hearing in a manner and direction which will provide a complete factual background for the constitutional issues. A post conviction hearing is often of great consequence to the parties for several reasons. One reason is that much of consequence may have happened during the time which has elapsed between the trial and the post conviction hearing, no matter how long this may have been in months and years. Certain facts may have been overlooked before and other facts may become much more significant by reason of new decisions on points of constitutional law. These and other reasons are the basis affording the remedy of collateral attack on judgments." 395 F.2d at 756.

 The other matters presented do not raise federal constitutional questions. Entrapment is not a constitutional defense. *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). It is not the proper subject of a collateral attack. *Way v. United States,* 276 F.2d 912 (CA10 1960). Directly in point is the statement of the Court of Appeals for the Tenth Circuit in *Savage v. Raines,* 271 F.2d 751 (CA 10 1959):

"At his trial on the criminal charge, Savage raised and sought to establish the defense of entrapment. The record of the State Court trial is not before us, but from the opinion of *Savage v. State,* supra, it clearly appears that the evidence introduced by the State and the evidence introduced by Savage at the State Court trial presented an issue of fact for the jury and that the issue was submitted under instructions later approved by the Criminal Court of Appeals of Oklahoma in *Savage v. State,* supra, and decided adversely to Savage. We may

properly depend upon the determination of that issue in the State Court."

 An objection by the defense to the reference by the police officer to another offense was sustained by the trial court and the jury admonished to disregard the remark. The trial court further inquired of the jury whether any member would be prejudiced against petitioner because of the statement and received no affirmative response. At most, this could constitute only a trial error and is not available as a basis for collateral relief. See *Alexander v. Daugherty,* 286 F.2d 645 (CA10 1961); *Schechter v. Waters,* 199 F.2d 319 (CA 10 1952). There is no federal constitutional requirement for a list of witnesses to be furnished by the prosecution. See *United States v. Hughes,* 429 F.2d 1293 (CA10 1970). It was a matter of the trial court's discretion whether to grant a continuance. See *United States v. Spoonhunter,* 476 F.2d 1050 (CA10 1973). In *Latham v. Crouse,* 320 F.2d 120, 123 (CA10 1963), the Court stated"

"Further objections go to the denial of the motion of the local counsel, appointed to assist the original counsel, for a continuance, motion for second psychiatric examination, the instructions, and the closing argument of prosecution counsel. These were resolved by the Kansas Supreme Court. Our examination of the record convinces us that none of these points relate to any constitutional rights. Habeas corpus may not be used for the review of claimed trial errors unrelated to basic constitutional rights."

So too here, the misconduct of the prosecutor complained of by the petitioner is not enough to entitle him to federal habeas relief. The most serious instance of misconduct is the prosecutor's comment:

"But, believe me, if he didn't need to go, I wouldn't be up here asking you." (Tr. 129.)

He went too far when he interjected his personal belief or knowledge. *United*

*States v. Bettenhausen,* 499 F.2d 1223 (CA10 1974). As stated in *United States v. Fancutt,* 491 F.2d 312, 314 (CA 10 1954):

"Jury verdicts in criminal cases are to be rendered on the facts as disclosed by evidence and the law as pronounced by the court. That which the prosecutor thinks, believes or knows are not to be given consideration. Such argument is improper."

The issue in this type of proceeding, however, is not whether the actions of the district attorney were error but whether the conviction of the petitioner was the result of an unfair trial in violation of the Fourteenth Amendment. *Sampsell v. People of the State of California,* 191 F.2d 721 (CA9 1951). It is only where criminal trials in state courts are conducted in such a manner as amounts to a disregard of that fundamental fairness essential to the very concept of justice that due process is offended and federal court interference is warranted. *Chavez v. Dickson,* 280 F.2d 727 (CA9 1960). After careful consideration of the record, it cannot be said that the efforts of the prosecutor resulted in a denial of the fundamental fairness essential to the concept of justice. As pointed out in *United States v. Fay,* 350 F.2d 400, 401 (CA2 1965):

"[For] whatever error the state court may have committed in failing to grant a new trial, the defect in the trial did not attain constitutional proportions. The prosecutor's conduct did not create a situation so prejudicial to the appellant that he was denied a fair trial within the meaning of the due process clause of the Fourteenth Amendment.

. . . . . .

"Conduct of state prosecutors which it was contended was unfair and prejudicial has consistently been held on collateral attack in the federal courts to fall short of constituting a lack of due process. [Citations omitted.]"

This is not a case where the comment of the prosecutor infringed upon any specific guarantees of the Bill of Rights. It is not a case where the prosecutor consistently and repeatedly misrepresented the evidence before the jury. Cf. *Miller v. Pate,* 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967). It is not a case where there was non-disclosure by the prosecution of specific evidence favorable to the accused. Cf. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215 (1963). There was otherwise no unfair manipulation of the evidence so as to have an effect on the jury's determination. The evidence of guilt was strong. In fact, the petitioner admitted guilt but relied upon the defense of entrapment. The actions of the prosecutor constituted only the ordinary trial errors of a prosecutor, not that sort of flagrant misconduct necessary to establish a denial of constitutional due process for relief on collateral attack. See *Donnelly v. De Christoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

Accordingly for the foregoing reasons the Petition for Writ of Habeas Corpus will be denied.

It is so ordered.