**Robert J. PARKER, Petitioner,**

v.

**Herman SOLEM, Warden, and William J. Janklow, Attorney General, Respondents.**

**No. CIV 78–4039.**

United States District Court,
D. South Dakota, S. D.

May 30, 1978.

John N. Gridley III, of Gridley, Nasser & Arneson, Sioux Falls, S. D., for petitioner.

Harry W. Christianson, Chief Asst. Atty. Gen., Pierre, S. D., for respondents.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Petitioner Robert J. Parker seeks a writ of habeas corpus pursuant to 28 U.S.C. 2254, based upon his allegations that his state court conviction of two counts of distribution of marijuana presented error entitling him to relief by this court. In his petition, he specifically enumerates five grounds for relief. First, he contends that he was denied due process by the trial court's refusal to grant a continuance so that an expert in the field of hypnosis could recover from a stroke and testify on defendant's behalf. Second, petitioner argues that the trial court erred in not ruling that there was entrapment as a matter of law. Next, petitioner claims that his right to cross-examine was improperly restricted by the trial court's refusal to permit a psychiatric examination of the state agents involved as requested by defense counsel. Petitioner also alleges that he was denied due process as the result of remarks made by the prosecution in closing argument to the effect that the subpoena power was equally available to the defense and that therefore the state should not be solely held responsible for the failure of certain witnesses to be called to testify. Finally, petitioner claims that the charges to which he was convicted must be dismissed because certain evidence relating to an amphetamine charge against the petitioner which was dismissed were not made available to defense counsel on the marijuana charges.

These grounds for relief expressed by petitioner at this time are the same grounds alleged by him in state court in his appeal to the South Dakota Supreme Court of his trial court conviction. That appeal was unsuccessful as the South Dakota Supreme Court affirmed his conviction. *State v. Parker*, 263 N.W.2d 679 (S.D.1978). Petitioner then filed his application for a writ of habeas corpus with this court on April 27, 1978. An evidentiary hearing was held by this court on May 12, 1978, and both sides subsequently submitted briefs.

The evidence submitted at the hearing, aside from the introduction of the entire state court record, pertained solely to petitioner's claim that the prosecution lost or destroyed certain tablets pertinent to a subsequently dismissed amphetamine charge before defense counsel could properly examine the contents of the tablets for possible assistance in the entrapment defense being raised in the charges involving marijuana. Moreover, the brief submitted by counsel for petitioner in this court deals exclusively with that allegation. I will therefore address that issue at the outset.

■ Like the other issues raised in the petition, the issue regarding the loss or destruction of the white tablets was presented to the South Dakota Supreme Court on direct appeal. Because petitioner's claims raised in his petition for habeas corpus were all considered and rejected by the South Dakota Supreme Court on the direct appeal of his conviction, this court is of the view that petitioner has satisfactorily exhausted his state court remedies.[1] *Zemina v. Solem*, 438 F.Supp. 455 (D.S.D.1977), affirmed 77–1899, 573 F.2d 1027 (8th Cir. 1978). Under South Dakota law, "when a defendant has taken an appeal from his conviction our postconviction statute cannot be used to secure a second review of issues finally decided on the appeal." *Orricer v. State*, 85 S.D. 293, 181 N.W.2d 461 (1970). There is, therefore, no further requirement under the exhaustion doctrine that petitioner pursue post-conviction remedies in state court. *Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. 1976), cert. denied 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976); *Edwards v. Swenson*, 429 F.2d 1291 (8th Cir. 1970), cert. denied 406 U.S. 909, 92 S.Ct. 1619, 31 L.Ed.2d 820 (1972).

---

1. Actually the South Dakota Supreme Court did not address the trial court's refusal to grant a continuance in its decision. It was, however, presented to that court in the appellate briefs and was the subject of a motion by defendant for a re-hearing of the court's decision. This court is therefore of the opinion that this claim was rejected by the South Dakota Supreme Court and that petitioner has thus exhausted his state remedies in this regard.

As previously mentioned petitioner's principal basis for relief from this court arises from the state's failure to produce certain evidence, four white tablets obtained from the defendant. These tablets originally formed the basis for an amphetamine charge against petitioner. However, once the state chemist determined that the tablets did not contain a controlled substance that charge against the defendant was dropped. Defendant, however, subsequently requested production of the tablets to have them examined by an independent chemist, whereupon the prosecution informed the defendant that the tablets had been lost or destroyed. On that basis, petitioner alleges that his two count marijuana conviction must be dismissed. He loosely charges that the chemical composition of those tablets would have been helpful to the establishment of an entrapment defense to the marijuana charges. This assertion is made despite the fact that defendant was furnished a copy of the state chemist's report that the tablets were not a controlled substance. That confirmed defendant's claim that the tablets were bogus amphetamines or "flash stash".

The South Dakota Supreme Court rejected defendant's claim that the failure to produce the tablets themselves to the defendant required the dismissal of the marijuana convictions. In doing so that court found that any evidence which the defendant could have obtained from an analysis of the white tablets was not clearly shown by defendant to be material to the issue of his guilt or innocence on the marijuana charges. I agree with the determination made by that court. Moreover, defendant has failed, in his presentation of additional evidence to this court, to demonstrate a case entitling him to habeas corpus relief.

As I recently noted in *Zemina v. Solem*, 438 F.Supp. 455, 469 (D.S.D.1977), affirmed 77–1899, 573 F.2d 1027 (8th Cir. 1978):

(O)rdinarily habeas corpus being a collateral attack is not considered to be a proper remedy for correcting errors in trial procedure. . . . It is only where the trial errors or irregularities infringe upon a specific constitutional protection or are so prejudicial as to amount to a denial of due process that a justiciable federal issue is presented in a habeas corpus proceeding. *Atwell v. State of Arkansas*, 426 F.2d 912, 915 (8th Cir. 1970), cited in, e. g., *Ball v. Wyrick*, 547 F.2d 78 (8th Cir. 1977); *Hogan v. State of Nebraska*, 535 F.2d 458 (8th Cir. 1976); *Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. 1976).

Although counsel for petitioner fails to even allege that any trial error with respect to the white tablets reaches a level of constitutional dimensions, this court has considered that issue in terms of constitutional error. In his brief, counsel for petitioner cites but one case to support the contention that petitioner is entitled to habeas corpus relief on the state's failure to produce the white tablets. *United States v. Heath*, 147 F.Supp. 877 (D.C.Haw.1957). His brief addresses only this issue. That case, which did not involve a petition for habeas corpus, was a tax evasion case where the defendant's records critical to that action had been lost by government agents. The court held that without those records the indictment had to be dismissed. There the relevancy of the lost evidence is clear.

This court is familiar with that case and in fact referred to that decision in *United States v. Banks*, 374 F.Supp. 321, 328 (D.S.D.1974), affirmed 513 F.2d 1329 (8th Cir. 1975). As I noted there, the *Heath, supra*, decision stands for the principle that an outright dismissal of a criminal case is justified "where the lost evidence is so vital to the defense of the case that a fair trial is impossible without it." In other words, in order for a defendant to be entitled to dismissal of a criminal charge on the basis of lost or destroyed evidence he must establish the critical nexus of materiality. And here, where a writ of habeas corpus is sought, the materiality must be shown to the extent that the lack of such evidence deprives the defendant of his fundamental constitutional rights to a fair trial.

In this respect, the conclusion reached by the District Court in *Rice v. Coiner*, 297 F.Supp. 1017 (N.D.W.Va.1969), is appropri-

ate here. There the petitioner sought habeas corpus relief from his state court conviction on the basis that certain evidence, various articles of clothing, helpful to the preparation of his defense, was not made available to him by the prosecution. The court denied petitioner relief and stated, at 1022:

> (O)nly where irregularities in the state trial court become so flagrant as to impair fundamental fairness do they become proper allegations to set forth on federal habeas corpus. 28 U.S.C.A. Sec. 2241; *Harrison v. Boles,* 307 F.2d 928 (4th Cir. 1962); *Grundler v. State of North Carolina,* 283 F.2d 798 (4th Cir. 1960). "Errors of fact or law committed during the trial of a criminal case, which do not involve the denial of a constitutional right, may be reviewed only on appeal and not in a habeas corpus proceeding." *Harrison v. Boles,* supra, at 931. It is the opinion of this Court that the evidentiary irregularity alleged by Petitioner here is not of the magnitude to involve violation of any fundamental right guaranteed by the United States Constitution.

Petitioner has failed to demonstrate where the unavailability of the white tablets amounted to a constitutional deprivation. Defendant's counsel received a copy of the state chemist's report. As to what additional assistance the actual tablets would be to the defense, petitioner has remained reticent. He states that the chemical composition of the tablets would help to show that those tablets were part of a stash of bogus amphetamines used by state drug agents. In that regard, I fail to see what additional help would be garnered from the tablets themselves than that which can be obtained from the state chemist report which was made available to defense counsel. Regardless, it is a most tenuous connection that is made by petitioner between the unavailability of the tablets and petitioner's entrapment defense; a connection that fails to reflect a constitutional error in petitioner's state court conviction.[2]

As mentioned previously, petitioner raises four additional grounds for relief. However, as to these grounds petitioner presented no additional evidence than that before the state court and made no mention of these claims in his legal memorandum submitted to this court. I have nevertheless reviewed these other claims by petitioner and I am convinced that they do not present any grounds for relief from this court.

As to petitioner's claim that the trial court's denial of psychiatric examination of the state witnesses amounted to a denial of petitioner's right of cross-examination, again no error of constitutional magnitude has been demonstrated. The scope and extent of cross-examination is within the sound discretion of the trial court. *Smith v. Illinois,* 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); and *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). As did the South Dakota Supreme Court, I believe that the record reflects no abuse of discretion in this regard. *State v. Parker, supra* at 682.

Similarly, I am in agreement with the state court's determination that there was no trial error as a result of the closing argument by the attorney general. *State v. Parker, supra* at 683–84. Petitioner alleges error in the prosecution's remarks concerning the failure of the defense to call certain witnesses. These remarks followed similar comments by defense counsel. Petitioner fails again to even allege that the remarks were so improper as to amount to a constitutional defect. The claim, therefore, an alleged and as reflected by the evidence raises no federal constitutional issue. *United States ex rel. James v. Follette,* 301 F.Supp. 569 (S.D.N.Y.1969).

Petitioner also seeks relief on the basis that his defense of entrapment should

---

**2.** See also *Peoples v. Hocker,* 423 F.2d 960 (9th Cir. 1970), where the petitioner alleged that the prosecution's failure to provide copies of x-ray photographs which showed a crack in one of the victim's vertebrae denied him due process.

The court, noting that the contents of the x-rays and the doctor who took them were available to the defense, denied the writ finding no constitutional violation.

have been recognized as a matter of law. Again, I am in agreement with the discussion of this issue by the state court. However, such agreement is not necessary as the issue of entrapment is not a cognizable claim under a 2254 petition. Entrapment is not a constitutional defense. *Robinson v. State of Oklahoma,* 404 F.Supp. 1168, 1171 (W.D.Okl.1975); *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). It is therefore not the proper subject for collateral attack.[3] *Robinson, supra; Way v. United States,* 276 F.2d 912 (10th Cir. 1960). This issue was discussed in *Savage v. Raines,* 271 F.2d 751 (10th Cir. 1959):

> At his trial on the criminal charge, Savage raised and sought to establish the defense of entrapment. The record of the State Court trial is not before us, but from the opinion of *Savage v. State,* supra, it clearly appears that the evidence introduced by the State and the evidence introduced by Savage at the State Court trial presented an issue of fact for the jury and that the issue was submitted under instructions later approved by the Criminal Court of Appeals of Oklahoma in *Savage v. State,* supra, and decided adversely to Savage. We may properly depend upon the determination of that issue in the State Court.

Decisions of the Eighth Circuit Court of Appeals have similarly recognized that errors based on an entrapment defense do not raise constitutional issues cognizable under an application for a writ of habeas corpus. *LeDent v. Wolff,* 334 F.Supp. 64, 67 (D.Neb. 1971); vacated on other grounds, 460 F.2d 1001 (8th Cir. 1972). See also *Houser v. United States,* 508 F.2d 509, 515 (8th Cir. 1974); and *Turner v. United States,* 262 F.2d 643 (8th Cir. 1959).

Petitioner's final claim for relief is based on the trial court's refusal to grant defendant a continuance until a certain expert witness in the field of hypnosis could so recover from a stroke as to permit him to testify at trial. Once again no constitutional infirmity has been demonstrated. The granting or denial of a motion for a continuance is within the sound discretion of the trial court. *Jones v. Swenson,* 469 F.2d 535 (8th Cir. 1972), cert. denied 412 U.S. 929, 93 S.Ct. 2756, 37 L.Ed.2d 156 (1971); *United States v. Leach,* 429 F.2d 956 (8th Cir. 1970), cert. denied 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971). The denial of a continuance, therefore, can only transgress a constitutionally protected right in extreme cases. *Powell v. Keve,* 409 F.Supp. 228, 230 (D.Del.1976). See also *Franklin v. South Carolina,* 218 U.S. 161, 168, 30 S.Ct. 640, 54 L.Ed. 980 (1910); *United States v. Myers,* 327 F.2d 174, 181 (3rd Cir. 1964).

In fact, this Circuit has taken the view that at least as far as 2255 habeas corpus actions are concerned that the refusal to grant a continuance does not present a cognizable issue for habeas corpus review. *Houser v. United States, supra,* citing *Weinreich v. United States,* 414 F.2d 279 (9th Cir. 1969), cert. denied 397 U.S. 996, 90 S.Ct. 1135, 25 L.Ed.2d 403 (1970). That holding would seem to equally apply to habeas corpus actions challenging state court convictions.

## CONCLUSION

For all of the reasons expressed herein it is the opinion of the Court that petitioner's application for a writ of habeas corpus should be denied, and counsel for the respondents is directed to prepare an appropriate order. The above shall constitute the

---

3. See also *Burdick v. Allgood,* 270 F.Supp. 614, 617 (E.D.La.1967), affirmed 402 F.2d 280 (5th Cir. 1968), where the court states:

> It has been almost universally held that entrapment is a defense and cannot be asserted as grounds for a collateral attack on a Federal sentence. *Moore v. United States,* 334 F.2d 25 (5th Cir. 1964); *Ellison v. United States,* 283 F.2d 489 (10th Cir. 1960), cert. denied 365 U.S. 885, 81 S.Ct. 1038, 6 L.Ed.2d

196; *United States v. Bailey,* 331 F.2d 218 (7th Cir. 1964); *Matysek v. United States,* 339 F.2d 389 (9th Cir. 1964), cert. denied 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437; *Anderson v. United States,* 338 F.2d 618 (9th Cir. 1964); *Way v. United States,* 276 F.2d 912 (10th Cir. 1960); *Turner v. United States,* 262 F.2d 643 (8th Cir. 1959); *Stanley v. United States,* 239 F.2d 765 (9th Cir. 1956).

Court's findings of fact and conclusions of law.